## JOHN STEMBER & CO. v. KEENE.

(Court of Civil Appeals of Texas. Texarkana. Dec. 19, 1912.)

1. PRINCIPAL AND AGENT (§§ 19, 119*)—CONTRACT WITH AGENT—AUTHORITY—BURDEN OF PROOF.

One who relies on the agency of another to bind the alleged principal has the burden of proving, not only the fact of agency, but the extent of the agent's authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 36, 391–401; Dec. Dig. §§ 19, 119.*]

2. PRINCIPAL AND AGENT (§ 148*)—AUTHORITY OF AGENT—LIMITATIONS.

When the agency of a person to act for another is shown, and it appears that limitations on the agent's actual authority are unknown to the person dealing with the agent, the principal will be bound by the acts of the agent within the apparent scope of his authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 534–552; Dec. Dig. § 148.*]

3. PRINCIPAL AND AGENT (§ 103*)—AUTHORITY OF AGENT — SALESMAN — RETURN OF GOODS.

It was not within the apparent scope of a traveling salesman's authority to agree that his principal should receive a quantity of old stock remaining unsold in part payment for new goods then purchased by the buyer from the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

Appeal from Tarrant County Court; R. E. Bratton, Judge. .

Action by John Stember & Co. against D. H. Keene. From a judgment for plaintiff for less than the relief demanded, he appeals. Reversed and rendered in favor of plaintiff for the full amount sued for.

Wray & Mayer, of Ft. Worth, for appellant. McLean & Scott, of Ft. Worth, for appellee.

HODGES, J. The appellant sued the appellee in the justice court on a verified ac-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

count amounting to $149.92 for merchandise sold and delivered. Appellee admitted the purchase of the goods and the correctness of the account as stated, but pleaded payment, or tender of payment, according to the terms of a contract which he claims was made by him with the appellant's agent at the time the order for the goods was given. Appellant recovered a judgment for $30.04 in both the justice and county courts. It now appeals, and claims that the court should have rendered a judgment in its favor for the full amount sued for.

Keene, the appellee, testified that in the year 1909, or the early part of 1910, one Seigel, the traveling salesman for the appellant, sold him a bill of merchandise, for which he promptly paid. In November, 1910, this same traveling salesman came into his place of business and solicited another order for ladies' leather bags, and told Keene, if he would purchase the bags, Stember & Co. would take back the old merchandise previously purchased and paid for, amounting to about $100 and would give credit for its value on the purchase price of the bill then solicited. The negotiations resulted in Keene's giving the salesman an order for goods to the amount of $149.12, which were shipped about November 21, 1910. After receiving them, Keene boxed and shipped the old bags, amounting to $119.88 in value, and sent them by freight to appellant, and tendered his check for $30.04, the difference, in payment. Stember & Co. refused to accept the check or to receive the goods. Mrs. Keene corroborated her husband in his statement. Seigel denied that any such agreement was ever had by him with Keene, and says that he made the sale, or took the order, upon the usual terms, allowing a discount for cash to be paid within stipulated dates.

[1] The correctness of the judgment rendered in this case can be sustained only on the assumption that Keene was entitled to the privilege of returning the old goods previously purchased from appellant, and of receiving credit therefor on the bill for the purchase made upon this occasion. The burden of establishing such a right devolved upon Keene. He relies exclusively upon the agreement which he says he made with appellant's traveling salesman. The general rule seems to be that one who relies upon the agency of one party for the purpose of binding a third has the burden of proving, not only the fact of agency, but the extent of the agent's authority. Tomkins Machinery, etc., Co. v. Peter, 84 Tex. 627, 19 S. W. 860; Baker & Co. v. Kellett-Chatham Machine Co., 84 S. W. 661; 31 Cyc. 1322, and cases cited in the notes. Of course, this rule is subject to the qualification that when the agency is shown, and it is also made to appear that the limitations upon the actual

authority of the agent are unknown to the party dealing with him, the principal will be bound by what is done by the agent within the apparent scope of his authority.

[3] The evidence in this case does show that Seigel was appellant's traveling salesman, and was authorized to take the order for the goods sold to the appellee upon this occasion. The question which arises is, Was the power to bind the principal to take a portion of the old stock in part payment for the bill then sold within the apparent scope of Seigel's authority? It is not shown that Seigel had any authority different from that usually conferred upon traveling salesmen representing wholesale dealers. It has been held in Kentucky that courts may judicially know that such representatives ordinarily have only the authority to take orders for goods from customers, and transmit those orders to their principals for approval. Ryan & Miller v. American Steel Wire Co., 148 Ky. 481, 146 S. W. 1099, and cases cited. If the customer stipulates in his order for terms other than a cash payment, or a payment in money, and the salesman fails to submit the agreement or order in the terms agreed upon, and as a result the principal fills the order without knowing those terms, or the conditions upon which the sale is to be made, is the principal nevertheless bound by what his representative has agreed that he shall do? In other words, if the agent, either from inadvertence or from a fraudulent motive, fails to acquaint his principal with all the conditions and stipulations attending the giving of the order, and the principal fills it believing it to be upon terms and conditions usually accorded to such customers, who is to suffer—the principal or the customer? In Patton-Worsham Drug Co. v. Stark, 89 S. W. 799, the Court of Civil Appeals for the Fourth District held that such an agreement is binding upon the principal when the terms made are within the apparent scope of the agent's authority. But it does not undertake to say what would be the result where such terms or conditions are clearly not within the agent's actual or apparent authority. This latter question is discussed at some length and in a very satisfactory manner by the Missouri Court of Appeals in Friedman & Son v. Kelly, 126 Mo. App. 279, 102 S. W. 1066, and a number of authorities are there cited in support of the ruling made. It is there held that the principal is not bound by the acts of the agent in agreeing to sell upon unusual terms or conditions, unless it is shown that such authority is given to the agent. When the salesman proposes terms or conditions of payment so unusual as those urged in this case by the defense, it may be assumed as a matter of law that they are not within the apparent scope of the authority commonly conferred upon and exercised by traveling

salesmen. To agree as a consideration for the purchase of new goods that the seller will take in payment the unsold portion of an old stock that had been on hand for nearly a year would seem at least to be so uncommon an offer that the purchaser might well question the authority of the agent to make it. The power to sell personal property does not presumptively carry with it the power to barter or to take old stock in part payment. That proposition is so well settled by authorities that no citations are necessary.

The judgment of the county court will therefore be reversed, and judgment here rendered in favor of the appellant for the full amount sued for, and all costs of both courts adjudged against appellee.